UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

AEROPAJITO CASTRO VAZQUEZ,   Civil No. 09-276 (RHK/JSM)

    Petitioner,

**REPORT AND RECOMMENDATION**

v.

STATE OF MINNESOTA,

    Respondent.

This matter is before the undersigned United States Magistrate Judge on Petitioner's application for habeas corpus relief under 28 U.S.C. § 2254.  The case has been referred to this Court for report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1.  For the reasons discussed below, the Court will recommend that this case be summarily dismissed with prejudice pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.[1]

**I.     BACKGROUND**

In March 2001, Petitioner was convicted in the state district court for Ramsey County, Minnesota, on a charge of second degree intentional murder.  He was sentenced to 406 months in prison, and he is presently serving his sentence at the Minnesota Correctional Facility at Stillwater, Minnesota.  (Petition, [Docket No. 1], p. (2).)

Petitioner challenged his conviction and sentence on direct appeal, claiming that the trial court judge had wrongly denied his request for a jury instruction on self-defense.  The Minnesota Court of Appeals rejected that argument in a published decision dated April 16, 2002.  State v. Vazquez, 644 N.W.2d 97 (Minn.App. 2002).

---

[1] Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

Sometime after Petitioner's conviction and sentence were affirmed on direct appeal, he filed a post-conviction motion in the trial court. (Petition, pp. (3)-(4), § 11(a)(1).) Petitioner has not disclosed the date when he filed his first post-conviction motion, but his current petition shows that the motion was denied by the trial court on November 18, 2003. (Id. p. (4), § 11(a)(6).) Petitioner did not appeal that ruling. (Id., p. (4), § 11(c)(1).)

Petitioner filed a second post-conviction motion on July 16, 2007. Vazquez v. State, No. A07-1994 (Minn.App. 2008), 2008 WL 4471521 (unpublished opinion), at *1, n. 1, rev. denied, Dec. 16, 2008. The trial court denied that second post-conviction motion on August 22, 2007, (Petition, p. (4), § 11(b)(6)), because the claims that Petitioner was attempting to bring had already been raised and decided, or could have been raised and decided, in Petitioner's direct appeal or his first post-conviction motion. Vazquez, 2008 WL 4471521 at *1.[2] Petitioner appealed that ruling, but the Minnesota Court of Appeals concluded that his second post-conviction motion was properly denied. Id. at *2 ("[b]ecause appellant's claims are procedurally barred..., we conclude that the district court did not abuse its discretion in denying appellant relief, and we will not address the merits of appellant's claims"). The Minnesota Supreme Court denied Petitioner's request for further review of his second post-conviction motion on December 16, 2008.

Petitioner filed his current federal habeas corpus petition on February 6, 2009. The present petition lists five grounds for relief, which Petitioner has summarized as follows:

**Ground one**: "Knaffla rule is unconstitutional and in the interest of Justice requirs [sic] a finding of facts, in this case."

---

[2] A copy of the trial court's ruling on Petitioner's second post-conviction motion is attached to his present habeas corpus petition.

**Ground two**: "The District court abused its discretion by Denying appellants [sic] petition without an evidentiary hearing."

**Ground three**: "Trial court abused its discretion when it Denied petitioner the fundamental right of a motion for lesser offense charge to jury."

**Ground four**: "Evidence submitted at trial was insufficient to support a conviction of second degree intentional murder."

**Ground five**: "Appellant was denied Article 1, Section 6 of the Minnesota State Constitution and his U.S.C.A. 6th Amendment right, were [sic] Appellant Counsel Denied Appellant a fair review on Direct Appeal."

(Petition, pp. (5)-(6) and addendum, § 12.)

As discussed below, however, Petitioner's current claims cannot be adjudicated on the merits here, because this action is barred by the one-year statute of limitations that applies to federal habeas corpus petitions filed by state prisoners.

## II.   DISCUSSION

28 U.S.C. § 2244(d) establishes a one-year statute of limitations for habeas corpus petitions filed by state prison inmates. The statute provides as follows:

> "**(d)(1)**  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>     (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>     (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>     (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

3

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> **(d)(2)** The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

In this case, there is nothing in Petitioner's submissions which suggests that clauses (B), (C) or (D) of § 2244(d)(1) could be applicable. In other words, there is no suggestion that the State created any impediment that prevented Petitioner from seeking federal habeas relief within the prescribed one-year limitations period;[3] nor is there any suggestion that Petitioner's current claims are based on any new, retroactively applicable, constitutional ruling, or any new evidence that could extend the deadline for seeking federal habeas corpus relief. Thus, the Court finds that the one-year limitations period began to run in this case, pursuant to § 2244(d)(1)(A), when Petitioner's judgment of conviction "became final by the conclusion of direct review or the expiration of the time for seeking such review."

Petitioner's conviction and sentence were upheld by the Minnesota Court of Appeals on April 16, 2002. However, Petitioner did not seek further review in the Minnesota Supreme Court, (on his direct appeal), so it is not entirely clear just when his conviction and sentence became "final by the conclusion of direct review," for purposes of § 2244(d)(1)(A).

---

[3] As previously mentioned, Petitioner did not appeal the trial court's denial of his first post-conviction motion. He has attempted to explain his failure to file a timely appeal as follows: "During the time of my first postconviction, I was placed in segreegation [sic] away from my paper work, and my time to proseed [sic] forward had elapse, So I could'not [sic] petition any other court." (Petition, p. (4), § 11(d).) Although this vague assertion might arguably explain why Petitioner did not file a timely state court appeal, it does <u>not</u> describe an impediment that could affect the starting date for the federal statute of limitations at issue here.

4

To further complicate matters, the present record does not disclose the date when Petitioner filed his first state post-conviction motion, and thus it is not clear when the federal statute of limitations was first tolled pursuant to § 2244(d)(2). These ambiguities, however, do not preclude the Court from determining the timeliness of the present petition, because regardless of when Petitioner's conviction and sentence became final on direct review, and regardless of when Petitioner filed his first post-conviction motion, it is clear that this action must be time-barred.

For present purposes only, the Court will assume, for Petitioner's benefit, that the federal statute of limitations did not begin to run at all in this case, until after Petitioner's first post-conviction proceedings were fully completed. Because Petitioner did not appeal the trial court's ruling in his first post-conviction proceedings, those proceedings were completed, for purposes of applying the federal statute of limitations, on the last date that Petitioner could have filed a timely appeal from the trial court's ruling. Williams v. Bruton, 299 F.3d 981, 983 (8th Cir. 2002) (an application for post-conviction relief "is 'pending' (and thus the limitations period is tolled) during the appeal period, even if the petitioner does not appeal"). The trial court denied Petitioner's first post-conviction motion on November 18, 2003, (Petition, p. (4), § 11(a)(6)), and the deadline for appealing that ruling expired 60 days later. Minn.Stat. § 590.06. Thus, the Court finds that <u>the very latest date that the statute of limitations could have begun to run in this case was January 17, 2004</u>, (60 days after the trial court denied Petitioner's first post-conviction motion).

Petitioner did not file his current federal habeas petition, however, until February 2009 – more than five years after the latest date when the one-year statute of limitations could have begun to run in this case. Therefore, this action is clearly time-barred, unless it is saved by the available tolling provisions.

5

Petitioner's second post-conviction motion cannot save the current petition from being time-barred, pursuant to the statutory tolling provision set forth at 28 U.S.C. § 2244(d)(2), because the one-year limitation period had already expired before the second post-conviction motion was filed. As discussed above, the latest the one-year limitations period could have started to run in this case was January 17, 2004, which means that the one-year limitations period expired no later than January 17, 2005. Petitioner did not file his second post-conviction motion, however, until July 16, 2007, (Vazquez, 2008 WL 4471521 at *1, n.1), which was at least two-and-one-half years after the statute of limitations had expired. Because the limitations period had already expired long before Petitioner filed his second post-conviction motion, that motion could not have tolled the statute of limitations. See Jackson v. Ault, 452 F.3d 734, 735 (8th Cir. 2006) ("[t]he one year AEDPA limit for federal habeas filing cannot be tolled after it has expired"). See also Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir. 2000) (state post-conviction motion filed after the § 2244(d)(1) statute of limitations has expired cannot toll the statute "because there is no period remaining to be tolled"), cert. denied, 531 U.S. 991 (2000); Bogan v. Moore, 55 F.Supp.2d 597, 600 (S.D.Miss. 1999) ("[o]nce the one year statute of limitations has expired, it cannot thereafter be tolled by a motion for post-conviction relief").

Petitioner may believe that his second state post-conviction motion did not merely toll the running of the statute, but somehow 'reset the clock,' giving him a fresh new one-year limitations period that did not begin to run until his second state post-conviction proceedings were fully complete. That, however, is simply not the case. "Section 2244(d)(2) only stops, but does not reset, the [statute of limitations] clock from ticking and cannot revive a time period that has already expired." Cordle v. Guarino, 428 F.3d 46, 48, n. 4 (1st Cir. 2005) (citations omitted). Again, once the statute of limitations expired in this

6

case, which was no later than January 17, 2005, it could not thereafter be restarted by the subsequent filing of Petitioner's second post-conviction motion.[4]

The Court has also considered whether the doctrine of "equitable tolling" could save this action from being time-barred. See Baker v. Norris, 321 F.3d 769, 771 (8th Cir.) ("the one year AEDPA time limit... may be equitably tolled"), cert. denied, 539 U.S. 918 (2003). However, the Eighth Circuit Court of Appeals has made it very clear that equitable tolling is available only "when extraordinary circumstances beyond a prisoner's control make it impossible to file a [habeas corpus] petition on time... [or] when conduct of the defendant has lulled the plaintiff into inaction." Jihad v. Hvass, 267 F.3d 803, 805 (8th Cir. 2001) (emphasis added). "'[A]ny invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes.'" Id. at 806, (quoting Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000)) (emphasis added).

---

[4]   As explained in Sorce v. Artuz, 73 F.Supp.2d 292, 294 (E.D.N.Y. 1999):

> "The tolling provision of AEDPA does not allow the one year period to run anew each time a post-conviction motion is ruled upon. Instead, the toll excludes from the calculation of the one year period any time during which post-conviction relief is pending. [Citation omitted.] Thus, the provision stops, but does not reset, the clock from ticking on the time in which to file a habeas petition. It cannot revive a time period that has already expired."

See also Lucidore v. New York State Div. of Parole, No. 99 CIV 2936 AJP, (S.D.N.Y. 1999), 1999 WL 566362 at * 4 ("Section 2244(d) does not state that the AEDPA's one-year statute begins to run anew after decision on a state collateral attack; such an interpretation would allow an inmate to avoid the effect of the AEDPA's one-year [statute] of limitations by bringing a belated state collateral attack"), aff'd 209 F.3d 107 (2nd Cir.), cert. denied, 532 U.S. 873 (2000); Broom v. Garvin, 99 Civ. 1083 (JSM) (S.D.N.Y. Apr. 26, 1999), 1999 WL 246753 at *1 ("the filing of a collateral attack in the state court tolls the AEDPA statute of limitations during the period that it is pending, but it does not commence a new limitations period").

7

Equitable tolling cannot be based on such commonplace and non-external excuses as prisoner ignorance or inadequate legal assistance. Kreutzer v. Bowersox, 231 F.3d 460, 463 (8th Cir. 2000), cert. denied, 534 U.S. 863 (2001). Instead, the petitioner must show that some specific and truly extraordinary event, of a wholly external nature, made it impossible for him to meet the statute of limitations deadline.

In this case, Petitioner has not requested equitable tolling, and there is nothing in his submissions which suggests that he could possibly be eligible for equitable tolling. After Petitioner's first post-conviction motion was denied in November 2003, he waited for more than three-and-one-half years before further challenging his conviction and sentence, by filing his second post-conviction motion in July 2007. During that interim, the federal statute of limitations expired. It appears that in this case, as in Baker, Petitioner simply was not "diligent in acting to protect his right to federal habeas review of his conviction." 321 F.3d at 772. Thus, the Court finds that the doctrine of equitable tolling cannot be applied in this case.

### III.   CONCLUSION

For the reasons discussed above, the Court concludes that this action is time-barred. The statute of limitations deadline for seeking federal habeas corpus relief expired on January 17, 2005 – at the very latest. However, Petitioner did not file his current petition until February 2009 – more than four years after the statute of limitations deadline.

Petitioner's second state post-conviction motion might have tolled the federal statute of limitations pursuant to 28 U.S.C. § 2244(d)(2), if it had been filed before the federal limitations period expired. In fact, however, Petitioner did not file his second post-conviction motion until more than two-and-one-half years after the federal statute of limitations had already expired, so that motion did not toll the statute of limitations pursuant

8

to § 2244(d)(2). The Court has further found that equitable tolling cannot be applied here. Thus, the Court concludes that Petitioner's current § 2254 habeas corpus petition is untimely, and that this action must be dismissed with prejudice.

Finally, the Court notes Petitioner has filed an application for leave to proceed in forma pauperis, ("IFP"), in this matter. (Docket No. 2.) However, he has already paid the full $5.00 filing fee for this case, and he has not shown that he has sought IFP status for any reason other than to be excused from paying that fee. The Court will therefore recommend that Petitioner's IFP application be denied as moot.

## IV. RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1. Petitioner's application for a writ of habeas corpus, (Docket No. 1), be DENIED;

2. Petitioner's application for leave to proceed in forma pauperis, (Docket No. 2), be DENIED AS MOOT; and

3. This action be DISMISSED WITH PREJUDICE.

Dated: February 19, 2009

*s/ Janie S. Mayeron*
JANIE S. MAYERON
United States Magistrate Judge

Under D.Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by March 9, 2009, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under this rule shall be limited to 3500 words. A judge shall make a de novo determination of those portions of the Report to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.