# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

---

Aeropajito Castro Vazquez,                Civil No. 09-276 (RHK/JSM)

        Petitioner,                              **ORDER**

v.

State of Minnesota,

        Respondent.

---

## INTRODUCTION

Petitioner commenced this action by filing a habeas corpus petition challenging his 2001 state court conviction for second degree murder. (Doc. No. 1.) The matter was assigned to Magistrate Judge Janie S. Mayeron, who recommended that the petition be dismissed because it was not filed within the one-year statute of limitations prescribed at 28 U.S.C. § 2244(d). (Report and Recommendation ("R&R") dated February 19, 2009; [Doc. No. 6].) Petitioner filed objections to the R&R, (Doc. No. 7), which prompted this Court to conduct a de novo review of the matter. By order dated March 18, 2009, (Doc. No. 9), the Court adopted the R&R, and caused the petition to be dismissed with prejudice.

On May 18, 2009, Petitioner filed a notice of appeal, seeking appellate review of the order dismissing his habeas petition. (Docket No. 11.) The notice of appeal was construed to be an application for a Certificate of Appealability, ("COA"), as well. (Doc. No. 12.) Petitioner did not pay any filing fee for his appeal, but instead filed a motion seeking leave to proceed in forma pauperis ("IFP") on appeal. (Doc. No. 15.)

The Court previously determined that Petitioner's original IFP application could not be

granted, because he did not provide sufficient information about his current financial situation. (See Order dated June 3, 2009; [Doc. No. 15].) Petitioner was granted leave to file an amended IFP application, and he recently did so. (Doc. No. 17.) Thus, the matter is now before the Court for the purpose of determining (a) whether Petitioner should be granted leave to proceed IFP on appeal, and (b) whether Petitioner should be granted a COA in this matter.

## DISCUSSION

A. The IFP Application

A litigant who seeks to be excused from paying the $455.00 filing fee for an appeal in a federal case may apply for IFP status under 28 U.S.C. § 1915. See also Fed. R. App. P. 24(a). To qualify for IFP status, the litigant must demonstrate that he or she cannot afford to pay the full filing fee. 28 U.S.C. § 1915(a)(1). Even if a litigant is found to be indigent, however, IFP status will be denied if the Court finds that the litigant's appeal is not taken "in good faith." 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context is judged by an objective standard, and not by the subjective beliefs of the appellant. Coppedge v. United States, 369 U.S. 438, 444-45 (1962). To determine whether an appeal is taken in good faith, the Court must decide whether the claims to be decided on appeal are factually or legally frivolous. Id. An appeal is frivolous, and therefore cannot be taken in good faith, "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).

In this case, Petitioner's amended IFP application shows that he is not receiving any current income, except for nominal wages from a prison job. It further appears that Petitioner has no bank accounts or other assets that could be used to pay the filing fee for his appeal. Petitioner's prison trust account does have a fairly significant balance compared to many other prisoners, but his

2

amended IFP application indicates that he has only $398.42 available for "spending," which is not enough to cover the $455.00 filing fee for his current appeal. Based on the information furnished in the amended IFP application, the Court finds that Petitioner is financially eligible for IFP status.

Although the Court remains satisfied that Petitioner's habeas corpus petition was properly denied, his appeal is not deemed to be "frivolous," as that term has been defined by the Supreme Court. Therefore, Petitioner's appeal is considered to be taken "in good faith" for purposes of 28 U.S.C. § 1915(a)(3) and Fed. R. App. P. 24(a)(3), and his IFP application will be granted.

B. <u>Certificate Of Appealability</u>

A prisoner who is challenging the legality of his confinement pursuant to a state court order is not permitted to take an appeal in a federal habeas corpus proceeding without first securing a COA. 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b)(1). Federal district courts cannot grant a COA unless the prisoner "has made a <u>substantial showing</u> of the denial of a <u>constitutional</u> right." 28 U.S.C. § 2253(c)(2) (emphasis added); <u>see also</u>, <u>Tiedeman v. Benson</u>, 122 F.3d 518, 522 (8th Cir. 1997).

A COA will not necessarily be granted simply because an appeal is pursued in good faith and raises a non-frivolous issue. <u>Kramer v. Kemna</u>, 21 F.3d 305, 307 (8th Cir. 1994) ("[g]ood faith and lack of frivolousness, without more, do not serve as sufficient bases for issuance of a certificate"). Instead, the prisoner must satisfy a higher standard; he must show that the issues to be raised on appeal are "debatable among reasonable jurists," that different courts "could resolve the issues differently," or that the issues otherwise "deserve further proceedings." <u>Flieger v. Delo</u>, 16 F.3d 878, 882-83 (8th Cir.), <u>cert</u>. <u>denied</u>, 513 U.S. 946 (1994), citing <u>Lozado v. Deeds</u>, 498 U.S. 430, 432 (1991) (<u>per curiam</u>); <u>Cox v. Norris</u>, 133 F.3d 565, 569 (8th Cir. 1997), <u>cert</u>. <u>denied</u>, 525 U.S. 834

(1998). When a district court grants a COA, it is "inform[ing] the Court of Appeals that the petitioner presents a colorable issue worthy of an appeal." Kruger v. Erickson, 77 F.3d 1071, 1073 (8th Cir. 1996) (per curiam). See also Slack v. McDaniel, 529 U.S. 473, 484 (2000) (granting a COA signifies that the issues raised "'deserve encouragement to proceed further'"), quoting Barefoot v. Estelle, 463 U.S. 880, 893, n.4 (1983).

In Slack v. McDaniel, supra, the Supreme Court explained how the federal district courts should determine COA eligibility in habeas cases that have been dismissed on procedural grounds, rather than on the merits.

> "Determining whether a COA should issue where the petition was dismissed on procedural grounds has two components, one directed at the underlying constitutional claims and one directed at the district court's procedural holding. Section 2253 mandates that both showings be made before the court of appeals may entertain the appeal. Each component of the § 2253(c) showing is part of a threshold inquiry, and a court may find that it can dispose of the application in a fair and prompt manner if it proceeds first to resolve the issue whose answer is more apparent from the record and arguments. The recognition that the 'Court will not pass upon a constitutional question although properly presented by the record, if there is also present some other ground upon which the case may be disposed of,' Ashwander v. TVA, 297 U.S. 288, 347 ... (1936) (Brandeis, J., concurring), allows and encourages the court to first resolve procedural issues. The Ashwander rule should inform the court's discretion in this regard."

529 U.S. at 484-85.

In the present case, the Court finds that Petitioner's COA request can be fully resolved by applying only the second of the two threshold criteria identified by the Supreme Court in Slack – i.e., "whether jurists of reason could conclude that the District Court's dismissal on procedural grounds was debatable or incorrect." Id. at 485.

After again considering the record in this matter, the Court remains fully satisfied that

4

Petitioner's application for habeas corpus relief was properly dismissed for the reasons discussed in the Magistrate Judge's R&R. Petitioner has offered no reason to think that any other court – including the Eighth Circuit Court of Appeals – could conclude that this action was not time-barred. Petitioner has not identified, and the Court cannot independently discern, anything novel, noteworthy or worrisome about his case that might cause it to warrant appellate review. Therefore, Petitioner is not entitled to a COA in this matter.[1]

## CONCLUSION

Based upon the foregoing, and all of the files, records and proceedings herein,

**IT IS HEREBY ORDERED** that:

1. Petitioner's amended application for leave to proceed in forma pauperis on appeal (Doc. No. 17) is **GRANTED**; and

2. Petitioner's application for a Certificate of Appealability (Doc. No. 12) is **DENIED**.

Dated: June 18, 2009

s/Richard H. Kyle<br>
RICHARD H. KYLE<br>
United States District Judge

---

[1] Petitioner's current appeal probably could not proceed even if the Court granted him a COA, because it appears that the appeal, (like the underlying habeas corpus petition), was filed too late. A notice of appeal in a habeas corpus action must be filed within 30 days after the action is dismissed. Fed. R. App. P. 4(a)(1)(A). See also Porchia v. Norris, 251 F.3d 1196, 1197 (8th Cir. 2001) ("[a] state prisoner whose habeas petition is denied by the district court has thirty days in which to appeal that decision"). Petitioner's notice of appeal was not signed and notarized until May 14, 2009, which appears to be well after the deadline for filing an appeal in this case. However, the issue of whether Petitioner's appeal is timely is not before this Court at this time.